IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-0125-WS |
| | ) | |
| MILTON GLEN JONES, | ) | |
| | ) | |
| Defendant. | ) | |


## ORDER

This matter comes before the Court on defendant Milton Glen Jones' Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 and for Summary Disposition (doc. 90).  The Government has filed a Response (doc. 93) stating that it does not object to the vacatur of Jones' sentence.

On July 25, 2011, Jones entered a guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 35.)  At the sentencing hearing conducted on April 12, 2012, the undersigned adopted the Presentence Investigation Report ("PSR") in its entirety.   The PSR concluded that Jones was subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (the "ACCA"), because he had at least three previous convictions for "violent felonies," all for Burglary in the Third Degree.  In accordance with the ACCA, the Court sentenced Jones to a term of imprisonment of 180 months.[1]

---

[1]     The PSR makes clear that, had Jones not been subject to the Armed Career Criminal Act, his base offense level would have been 24 (pursuant to U.S.S.G. § 2K2.1(a)(2)), with a two-level enhancement for the number of firearms, a two-level enhancement for possession of stolen firearms, a four-level enhancement for possession of a firearm in connection with another felony offense, and a three-level reduction for acceptance of responsibility, for a total offense level of 29.  Combined with a criminal history category of VI, Jones' calculated guideline range (absent the effects of ACCA, either in terms of the mandatory minimum sentence prescribed by § 924(e)(1) or the armed career criminal guideline found at U.S.S.G. § 4B1.4(a)) would have been 151 to 188 months.  However, that range would have been constrained by the 120-month statutory maximum sentence fixed by 18 U.S.C. § 924(a)(2) for the offense of conviction.

Under the ACCA definition of the term "violent felony," a previous conviction qualifies as a predicate offense for ACCA eligibility if it satisfies any one of the following: (i) the elements clause (namely, that it "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i)); (ii) the enumerated clause (namely, that it "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii)); or (iii) the residual clause (namely, that it "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)).  It appeared at the time of sentencing that Jones' numerous previous Burglary Third convictions were ACCA-qualifying predicate offenses under both the enumerated clause and the residual clause.

In his Motion to Vacate, which marks his first-filed § 2255 motion, Jones seeks relief pursuant to *Johnson v. United States*, 576 U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).  In that landmark decision, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  135 S.Ct. at 2563.  Furthermore, in *Welch v. United States*, --- U.S. ----, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review."  136 S.Ct. at 1265.  Relying on *Johnson* and *Welch*, Jones correctly posits that his Burglary Third Degree convictions no longer qualify as ACCA predicates under the residual clause.

Similarly, Jones correctly maintains that his previous Burglary Third Degree convictions can no longer be counted as ACCA predicate offenses under the enumerated clause.  *See Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016) (applying Supreme Court's *Descamps* decision to conclude that "a conviction for third degree burglary cannot qualify as a violent felony under the enumerated clause because Alabama Code § 13A-7-7 is an indivisible, non-generic statute"); *In re Hires*, --- F.3d ----, 2016 WL 3342668, *5 (11th Cir. June 15, 2016) (recognizing that "*Descamps* is retroactive for a first § 2255 motion"); *In re Griffin*, --- F.3d ----, 2016 WL 3002293, *6 (11th Cir. May 25, 2016) ("we have held that the rule in *Descamps* is not new and thus is retroactive in a first § 2255 motion case").  And those convictions obviously cannot qualify as ACCA predicates under the elements clause because the Alabama crime of Burglary in the Third Degree does not have as an element the use, attempted use or threatened use of physical force against another person.  *See, e.g., Mays*, 817 F.3d at 733 n.5 (recognizing that

-2-

"third degree burglary in Alabama does not have as an element the use, attempted use, or threatened use of physical force against the person of another") (citation and internal quotation marks omitted).

The foregoing considerations lead inexorably to the conclusion that Jones no longer has sufficient predicate convictions that would subject him to an enhanced penalty under the ACCA, which animated the 180-month mandatory minimum sentence he received in April 2012. What's more, these determinations are retroactive in the context of Jones' first § 2255 petition. Pursuant to *Welch*, the *Johnson* decision is retroactive in cases on collateral appeal. And the Eleventh Circuit has repeatedly recognized in recent published decisions such as *Mays*, *Hires* and *Griffin* that *Descamps'* disqualification of third-degree burglary under the enumerated clause is retroactive on a first § 2255 motion. In its Response (doc. 93), the Government disputes neither the absence of ACCA-qualifying predicate offenses for Jones nor the retroactive application of both *Johnson* and *Descamps* to his sentence. To the contrary, the Government reasons that it matters not whether the sentencing court deemed Jones' Burglary Third convictions to qualify as ACCA predicates under the residual clause or under the enumerated clause, because either way vacatur of his sentence is appropriate. (Doc. 93, at 4-5.)

For all of these reasons, the Court concludes that Jones' § 2255 Motion is due to be granted, that his previous ACCA sentence of 180 months is due to be vacated, and that he is due to be resentenced. As discussed in footnote 1 *supra*, after stripping away the ACCA mandatory-minimum sentence of 180 months and the armed career criminal guideline (U.S.S.G. § 4B1.4), Jones' revised calculated guidelines range would be 151 to 188 months; however, Jones would also be subject to a statutory maximum term of imprisonment of 120 months by operation of 18 U.S.C. § 924(a)(2), such that his guideline range would effectively be 120 months, pursuant to U.S.S.G. § 5G1.1(a). Therefore, the Court would propose to vacate Jones' sentence and resentence him to a guideline sentence of 120 months.

That said, it is of course true that Jones has the right to attend and to allocute at any resentencing proceeding. *See* Rule 43(a)(3), Fed.R.Crim.P. (defendant's presence required at sentencing); Rule 32(i)(4)(A) (court must provide defendant and defendant's attorney an opportunity to speak "[b]efore imposing sentence"); *United States v. Taylor*, 11 F.3d 149, 152 (11th Cir. 1994) ("As this was a resentencing after vacation of the original sentence, Taylor had a right to be present and allocute."). However, those rights can be waived. *See, e.g., United States*

*v. Rodriguez-Velasquez*, 132 F.3d 698, 699-700 (11th Cir. 1998) (recognizing defendant's waiver of right of allocution); Rule 43(c)(1)(B), Fed.R.Crim.P. (providing that defendant waives right to be present by being voluntarily absent during sentencing).  Jones' § 2255 Motion requests "summary disposition," but is not clear as to whether he waives the above-referenced rights. Accordingly, the defendant is **ordered**, on or before **July 26, 2016**, to file a statement of position as to whether he waives any right to be present or to allocute, given the disruption of his living situation that the exercise of such rights may entail,[2] as well as any other pertinent factors. Defense counsel is instructed to consult with Jones concerning these matters before submitting his statement of position.  If Jones elects to waive his rights to be present and to allocute, and if he does not otherwise object, the Court will summarily vacate his sentence and resentence him to a guidelines sentence of 120 months in accordance with the revised calculations set forth herein.

        DONE and ORDERED this 12th day of July, 2016.

                                        s/ WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[2]        Among other relevant considerations, presence at resentencing would remove the defendant from his current place of incarceration with no guarantee of return to that facility or his present cell; would interrupt his participation in any drug treatment or other rehabilitation program; and would require interim housing at one or more local jail facilities.